UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| TAO ENIOLA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. |
| ) | |
| PNC FINANCIAL SERVICES GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT PNC FINANCIAL SERVICES GROUP, INC.'S
NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant PNC Financial Services Group, Inc. ("Defendant"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, hereby removes to this Court the action entitled Tao Eniola, et al. v. PNC Financial Services Group, Inc., Case Number CAL 13-27075 (the "Action"), filed in the Circuit Court of Prince George's County, Maryland. Copies of Plaintiffs' pleadings constituting all process, pleadings, and orders served upon or received by Defendant are attached as Exhibit ("Ex.") A.

**BACKGROUND**

1. On or about September 10, 2013, Tao Eniola and his wife Vanilda Eniola ("Plaintiffs") filed a Complaint in the above Action against Defendant.

2. The Action relates to a mortgage loan that Defendant allegedly denied to Plaintiffs (the "Loan"). Plaintiffs allege that the Loan was to finance a purchase of a house located at 10125 Prince Place, Upper Marlboro, MD (the "Property") from the U.S. Department of Housing and Urban Development. Plaintiffs have asserted, among other things, violations of

the Fair Housing Act, 42 U.S.C. § 3601, et seq. (the "FHA"), the Truth in Lending Act, 15 U.S.C. § 1601, et seq., ("TILA") and regulations in 24 C.F.R. § 3500, which were issued by HUD per the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq. ("RESPA") (Complaint ¶ 1)  Those allegations are incorporated by reference into every count of the Complaint.

## JURISDICTION

## FEDERAL QUESTION

3. This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1331, as Plaintiffs allege violations of and seek relief under the FHA, TILA and RESPA.  (Complaint ¶ 1) They also allege a violation of and seek relief based upon these statutes (alleging a violation of the "Federal Consumer Protection Laws") specifically in support of Count IV.  (Complaint ¶ 50)

## DIVERSITY OF CITIZENSHIP

4. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  The amount in controversy in this matter exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

### The Amount in Controversy

5. Where the plaintiff has not pled a specific amount of damages, as in the instant case, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir. 2008) ("[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper" but "this burden is no greater than is required

to establish federal jurisdiction as alleged in a complaint"); U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009) ("[w]hen, as here, a defendant challenges the existence of subject matter jurisdiction in fact, the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence"). To determine the amount in controversy, a court can consider "facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010) (quotation omitted). See also Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir.1997) (proper to consider evidence submitted by removing defendant in opposition to motion to remand); Allen v. R&H Oil Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (same); Harmon v. OKI Sys., 115 F.3d 477, 479-80 (7th Cir. 1997) (same); Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000) (same).

6. While Defendant does not concede the accuracy of the assessments of Prince George's County, Maryland, the County's web site lists the 2013 assessment of the fair market value of the Property as $100,000. See Ex. B. The Complaint alleges the purchase price was to be $42,000, and alleges damages from loss of the sale. (Complaint ¶¶ 10, 33) Therefore, the Complaint alleges actual damages of $58,000. Plaintiffs further request both punitive damages and statutory trebling of damages per 73 Pa. Cons. Stat. Ann. § 201-9.2(a). (Complaint ¶48) "When calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages." R.L. Jordan Oil Co. of North Carolina, Inc. v. Boardman Petroleum, Inc., 23 Fed.Appx. 141, 145 n. 3 (4th Cir. 2001). Trebling of $58,000 would easily satisfy the statutory threshold for diversity jurisdiction. Furthermore, 73 Pa. Cons.

Stat. Ann. § 201-9.2(a) allows for the statutory award of attorney's fees. Attorney's fees may also be considered toward the calculation of the amount in controversy. <u>Missouri State Life Ins. Co. v. Jones</u>, 290 U.S. 199, 202 (1933). This too would bring the amount in controversy alleged to over the jurisdictional amount.

### Citizenship

7.   Plaintiffs are citizens of the state of Maryland for purposes of diversity jurisdiction. Defendant is incorporated in Pennsylvania, and its principal place of business is Pennsylvania.

8.   This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367 because the matters alleged in the Complaint are part of the same case or controversy.

### PROCEDURAL COMPLIANCE

9.   Removal of this action is timely. 28 U.S.C. § 1446(b)(1) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Defendant was served on September 30, 2013. The notice of removal is therefore timely.

10.   Annexed to this Notice as Ex. A, in accordance with 28 U.S.C. § 1446, are copies of all papers, pleadings, and orders received by Defendant.

11.   Defendant will file a copy of this Notice with the Clerk of the Circuit Court for Prince George's County, Maryland, in accordance with 28 U.S.C. § 1446(d).

12.   Defendant expressly reserves all rights and defenses relating to Plaintiffs' claims.

WHEREFORE, Defendant removes this action from the Circuit Court for Prince George's County, Maryland to this Court.

*(signature)*
Gary C. Tepper
tepperg@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, N.W., 12th Fl.
Washington, DC  20006
(202) 661-2200
(202) 661-2299 (Facsimile)

*(signature)*
Jessica Hepburn Sadler
sadlerjh@ballardspahr.com
BALLARD SPAHR LLP
4800 Montgomery Lane, 7th Fl.
Bethesda, Maryland 20814-3401
(301) 664-6200
(301) 664-6299 (Facsimile)

Attorneys for Defendant
PNC Financial Services Group, Inc.

Dated:  October 11, 2013

## CERTIFICATE OF SERVICE

I certify that I have this 11th day of October 2013, caused the foregoing Notice of Removal to be served via first-class mail, postage prepaid, upon the following:

> Tao Eniola
> Vanilda Eniola
> 9404 Van Buren Street
> Lanham, Maryland  20706

*Jessica Hepburn Sadler*
Jessica Hepburn Sadler